May it please the court, my name is Omanari Cupid and I represent the appellant James Wright. The district court in hands Mr. Wright's, the Wright's sentence is under section 3A 1.1B for age related factors. Application no. 2 to the guidelines specifically states that the court has recognized that that is inappropriate unless the victim was unusually vulnerable for reasons unrelated to age. Your Honor, the district court was placed on notice before the sentencing in probation's report that there was a problem here with regard to that application note. And it also suggested a number of factors for our departure. The district court specifically decided in this case to apply the vulnerable victim adjustment to both of the rights based on age related factors, despite it was, despite the fact that in, and I'm making references to paragraphs 42 and paragraph 117 in the addendum in the pre-sentence report. So counsel, counsel, I wonder if that's all there is to it. I know that the judge did not mention in one of the cases, I think it was both Wright's cases, the supplying of the victim. But he did in the Keffler case at least, and possibly in one of the Wright cases. And my thought is, he must have been thinking of all three cases together because they all perpetrated the crimes together. Why isn't that an entirely independent factor? Well, first of all, Your Honor, I think, I don't, I think it's not a different factor. Why? I can think of children under 12, like say a 3 or 4-year-old playing in the park. The parent doesn't supply the child to the perpetrator at all. The child is much more likely to be difficult for the perpetrator. But if the parent supplies the child to the perpetrator, then the child is likely to cooperate. And if the parent is one of the perpetrators and supplies the child, the child is highly likely to cooperate. I think there are three points that are raised there. First of all, there is a two-point bump that was given for parental control. Second of all, in child pornography case, this was a child pornography production case. And it's a child pornography production case where a parent is involved. I think it was caretaker control, like with daycare centers, wasn't it? The bump relates to a custodian, whether it's a parent, any type of right. Custodial control, those are typically daycare center cases. The bump says it could be a custodian or a parent. True. So I think the language contemplates it. The Sentencing Commission said parents are involved here. So what they were talking, what the offense guideline took and already incorporated, the fact that this is a parent who is producing pornography with their child. So the fact, what type of parents produce pornography with their children, these are parents who do, not only parents who have, who engage in the pornography themselves, but also parents who pass their children on in many instances as parents who have their children engage in sexually explicit acts with other people. I don't think that that's any different from any child pornography production case where the parent is the victimizer. What about the, you've cited the PSR, paragraphs 42 and 117. In 117, the probation officer indeed identifies what is troubling about this case. She said the guidelines simply does not take into account the extraordinary youth of the victims in this case. You say he was put, Judge Zille was put on notice. And it seems to me, as AUSA argued in the prior case, which is related to this one, that there are characteristics of a 12-month-old, certainly, let's just take the 12-month-old in this case, that she recited. How do you respond to that, the fact, inability to have any moral judgment, inability to walk, inability to communicate? Why doesn't that take that beyond the offense, the built-in offense bump and the notion that there are matters which are not directly related to age, but are correlated, if you will? Help us sort that out, why we shouldn't do that. I, you know, I think that the, if they're talking about a two-a-degree departure, then there's a possibility, and that possibility was presented to the district judge. The district judge was presented with that and said in the probation report, the PSR said you can look at 5K2.0 and decide maybe that's to an extent or to a degree. But the application note of 3A1.1 prohibits this. The application note specifically says if age is taken into account by the offense guideline, you can't do it. Well, it's not quite as specific. I read what it said, and it's related to. Now we're talking about the conditions of the child, which are the size, the inability. You're saying, coming back to, maybe you disagree with your prior colleague on my tenure of hypothetical. How would you answer the hypothetical? I think, for instance, Your Honor, let's take the Archdale case where you have a 12-year-old victim who has a mental disability. And she, there was a two, there was a, and this is a case where in footnote 5 specifically, the court said you cannot take age into account. The district court specifically made a finding that the, that the vulnerability would be upheld because the district court said, the district court specifically said vulnerability was based on the mental condition. Now, if you have, you could say, well, a 10-year-old or a 3-year-old or a 1-year-old has the same type of mental disabilities as a 12-year-old, well, that's something that the court could consider if this was an upward departure. But this is not an upward departure. This is a, so in your hypothetical, the court would not be, the court would be granting the adjustment based on a characteristic that's unrelated to age. I think that it could do it for, say, a 13-year-old and say, this is a 13-year-old who has the size of a 6-year-old. But I don't think the court could say we're going to give this, we're going to give an upward adjustment to a, to a person who's particularly small because of their age. A typical ---- Are you suggesting the Sentencing Commission believe that all children under the age of 12 are equally vulnerable? Is that what you're saying? I think that the Sentencing Commission said four points is the maximum amount you can give under this statute. I think that the Sentencing Commission said four points is the maximum amount you can give under this statute. I wonder if that's an over-reading. I've been thinking about the wording here of comment 2 to 3A1.1. It says, do not apply subsection B, that's the two-level vulnerable victim adjustment, if the factor that makes the person a vulnerable victim is incorporated in the offense guideline. For example, if the offense guideline provides an enhancement for the age of the victim, the subsection would not be applied unless the victim was unusually vulnerable for reasons unrelated to age. The example, of course, is just an example. It's not a guideline. And the comment says, the factor. And it makes me think maybe that's telling the judge, if the only thing you can think of that makes this person vulnerable, that makes you want to bump the crime up two levels, is age of the victim, it's already covered. But if you've got anything else, you can bump it up two levels. And the Court specifically stated in its ruling, the district court here specifically said, I'm bumping it up because of the extreme youth, because of the small size. The extreme vulnerability of these children. And the fact that they were made available to Mr. Keffler as well. So he's covering a number of grounds there. So are you saying because he mentioned the extremely young age that that invalidates it? I think it does. And I think the two of the other, there's four factors, two of the other four factors all relate to age. Well, that's why I was asking about my hypothetical with the 10-year-old. I mean, it does in some sense relate to age, but it's not inherent in the age of a 10-year-old. And some 10-year-olds may be up and some may be down. You have an infant who clearly can't be up. I mean, they're just... I think in your hypothetical, perhaps, if the Court were to find that the 10-year-old was unusually small for a 10-year-old, but not unusually small for an 8-year-old, if he was instilled in that same category, then, no, I don't think it could be, it could apply. There's some, a sentence at the bottom of the application notes. It says, Subsection V2 implements in a broader form the instructions of the Commission in Section 6C3 of Public Law 105-184. I didn't think to look up that public law. Do you happen to know what it says? No, Your Honor. And I'm out of time, but I did want to just mention that the application notes are binding on the courts in the construction of the sentencing guidelines. Oh, we know that. Thank you, Your Honor. That's why we're wrestling with it. Thank you, counsel. Counsel. May it please the Court again. I'm Catherine Worma, Assistant United States Attorney representing the United States in this case. If Your Honors have additional questions, I'd be happy to answer them. Do you recall what that public law is? I do not, Your Honor. I'm sorry. I don't have any further questions. I will rest on my previous comments, then. Thank you, Your Honors. Thank you, Catherine. United States v. Wright is submitted. Next, we'll hear United States v. Wise. Thank you, Your Honor.
judges: D.W. Nelson, Kleinfeld, Fisher